**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:04CV121**
**(1:02CR19-5)**

**RICHARD H. ROBERTSON, JR.,** )
)
**Petitioner,** )
)
**VS.** ) **MEMORANDUM**
) **AND ORDER**
**UNITED STATES OF AMERICA,** )
)
**Respondent.** )
)

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals. ***United States v. Robertson*, 2007 WL 648127 (4th Cir. 2007).**

On February 5, 2002, Petitioner was charged in a three count bill of indictment with conspiracy to manufacture and possess with intent to distribute methamphetamine and the substantive offense of possession of the precursors to methamphetamine. **Bill of Indictment, filed February 5, 2002.** In the indictment, the Government alleged that the Petitioner had previously been convicted of two prior felony drug crimes, thus exposing him to a mandatory sentence of life imprisonment. ***Id.*** On July 1, 2002,

the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the conspiracy charge alleged in Count Two of the indictment in exchange for dismissal of the other charge. **Plea Agreement, filed July 1, 2002.** Because the Petitioner contested the amount of drugs involved in the conspiracy, his attorney negotiated a provision in the agreement pursuant to which the amount of drugs would be determined at sentencing. ***Id.* at 2.** In addition, his attorney was able to persuade the prosecution not to pursue a sentence of life imprisonment due to the prior felony convictions. Petitioner waived the right to contest his conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. ***Id*. at 5.**

On July 3, 2002, Petitioner attended a Rule 11 hearing and was advised, among other things, of the possible terms of imprisonment and his waivers. **Rule 11 Inquiry and Order of Acceptance of Plea, filed July 3, 2002.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. ***Id*. at 9.** In that Inquiry, Petitioner acknowledged that his written plea agreement, which the Court

reviewed with him, contained a provision waiving his right to appeal his conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance of counsel or prosecutorial misconduct. ***Id*. at 8.** After being advised of the elements of the offense, the Petitioner also acknowledged that his guilty plea was knowing and voluntary, he was satisfied with the services of his attorney, he had discussed with his attorney how the Guidelines applied to his case, no one had coerced or threatened him to enter the plea, and he understood and agreed with the terms of his plea agreement. ***Id*. 1-9.**

On March 28, 2003, the undersigned sentenced the Petitioner to serve 264 months imprisonment, a sentence which was at the bottom of the Guideline range of sentencing despite the Government's argument for enhancements. **Judgment in a Criminal Case, filed April 30, 2003.** At sentencing, undersigned once again reviewed the Petitioner's right to

appeal.[1] The Petitioner did not file an appeal but later filed this action to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On June 25, 2004, the undersigned deemed the Petitioner's § 2255 motion to have been timely filed and noted that the only ground for relief was the alleged instruction to trial counsel to file a notice of appeal. **Order, filed June 25, 2004.** In fact, the Petitioner alleged under penalty of perjury that

> [i]mmediately following the sentencing hearing in this case, Petitioner instructed his counsel to file a notice of appeal. Specifically, Petitioner instructed his counsel to appeal both his guilty plea (the knowing and voluntary nature), and his sentence (the drug quantity, the drug type determination, the guideline enhancements, the improper use of hearsay, and the criminal history determination). In response, counsel assured Petitioner that he would do so. Upon arriving at FCI Ashland, Kentucky, Petitioner attempted to contact counsel on several occasions both by phone and by letter in order to determine the

---

[1]Assuming *arguendo* that the Petitioner's attorney did not consult with him concerning his desire to appeal, the Petitioner had just received a sentence below that contemplated and the undersigned explicitly told him he had the right to appeal. The Supreme Court has noted that a sentencing court's instructions to a defendant about his appeal rights in a particular case may be so clear and informative as to substitute for counsel's duty to consult. ***Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000).** "In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal." ***Id.* at 480.** The Fourth Circuit has noted this ruling. ***Frazer v. South Carolina*, 430 F.3d 696, 707 n.9 (4th Cir. 2005).**

> status of his appeal. However, Petitioner was without success until February of 2004. At that time counsel informed Petitioner that he had not filed a notice of appeal because he "didn't think [the Petitioner] had any issues."

**Petitioner's Motion, filed June 25, 2004, at 5.** As a result, the Court required the Government to respond to this claim. **Order, *supra.***

The Government filed an affidavit from the Petitioner's attorney, Al Messer, in which Mr. Messer averred that the Petitioner had received a sentence far less than expected. Facing a sentence of mandatory life imprisonment, Mr. Messer nonetheless achieved a sentence at the lowest guideline level.

> To the best of the affiant's memory, at no time, either before the sentencing hearing or after the sentencing hearing did the Defendant, either in writing or orally, ask counsel to appeal his sentence. *The plea agreement was read to the Defendant and Defendant was counseled as to his appellate rights being limited in the plea agreement.* Counsel, after receiving the 2255 notice, reviewed his file and conferred with his legal assistant regarding the Defendant's case. Based on the review of the Defendant's file [and] conversations with office staff[,] to the best of affiant's knowledge counsel or counsel's staff did not receive any correspondence from the Defendant asking to appeal his sentence. The phone bills were reviewed from December 2003 up and through March 2004 and no calls were received from the Defendant. Further, Defendant's motion stated that he spoke to counsel in February of 2004. Counsel has no knowledge of ever speaking to the Defendant after he was sentenced. Regarding[ ] February of 2004, counsel started a capital murder trial on February 9, 2004 which lasted the remainder of the month and counsel was preparing solely

> for said trial during the first week of February and did not speak with the Defendant. Defendant was specifically informed as to his right to appeal during his sentencing hearing but, once again, to the best of affiant's knowledge and memory, the Defendant did not request counsel to appeal on his behalf.

**Affidavit in Response to Ineffective Assistance of Counsel under 28 U.S.C. § 2255, filed July 21, 2004, *attached to* Respondent's Answer to Petitioner's Motion, filed July 27, 2004, at ¶¶ 20-26 (emphasis added).**

In addition to this affidavit, the Government filed a formal response. The Assistant United States Attorney who handled the matter before this Court discerned a more narrow issue than solely whether the Petitioner had asked his attorney to file an appeal.[2] The Government recognized the holding of the Fourth Circuit in *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993), that the failure to file an appeal if requested is a violation of the defendant's right to effective assistance of counsel. Nonetheless, the Government pointed out that the decision in *Peak* involved a situation in which the defense attorney was unavailable and could not respond to the allegation that an appeal had been requested. In addition, there is no indication in *Peak* that the defendant had waived his right to appeal. The

---

[2]Indeed, this Court has repeatedly attempted to bring this issue to the attention of the Fourth Circuit.

Government also noted that the Fourth Circuit has subsequently upheld the finality of guilty pleas, citing *United States v. White*, 366 F.3d 291, 298 (4th Cir. 2004). **Answer to Petitioner's Motion, *supra*, at 5.** In essence, the Government argued in its response that the Petitioner had filed a valid waiver of the right to appeal except on the ground of ineffective assistance of counsel, however, that was not a ground on which the Petitioner averred that he sought to appeal.

The Court was persuaded by the Government's response. In ruling on the motion, the undersigned determined to set forth its reasoning so that the Fourth Circuit could review this troublesome issue which is repeatedly presented by *pro se* prisoner litigants. The undersigned concluded:

> This Court is well aware that the failure of an attorney to pursue an appeal which has been requested by a criminal defendant may constitute ineffective assistance of counsel despite the likelihood, or lack thereof, of success on the merits. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). And, the undersigned is also cognizant that unless it is clear from the pleadings, files and records that a prisoner is not entitled to relief, an evidentiary hearing is mandatory. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Here, however, the Court finds that the issue may be resolved without resorting to a credibility determination, a fact which negates the necessity of a hearing to determine the credibility of the Petitioner versus his attorney. *Id.*; *see e.g.*, *United States v. Heini*, 199 F.3d

1328 (table), 1999 WL 960773 (4th Cir. 1999); *United States v. Stuffle*, 120 F.3d 263 (table), 1997 WL 447212 (4th Cir. 1997).

First, in his plea agreement, the Petitioner specifically agreed to the following provision:

> The defendant is aware that 18 U.S.C. § 3742 and []28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the defendant, in exchange for the concessions made by the United States in this plea agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255. Furthermore, the defendant expressly and explicitly agrees and understands that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. section 3742(b), *while the defendant waives all rights to appeal or collaterally attack the sentence or conviction*. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

**Memorandum and Order, filed October 4, 2004, at 5-6 (quoting Plea Agreement, *supra*, at 5) (emphasis added).**

In addition to the plea agreement, which the Petitioner signed, he also signed, prior to his Rule 11 hearing, a Rule11 Inquiry which was filed with the Plea Agreement. Rule 11 Inquiry, attached to Plea Agreement, *supra*. In that Inquiry, he acknowledged that he waived his right to appeal. *Id.*, at 5. Finally, when the Petitioner appeared in Court to change his not guilty plea to one of guilty, he was once again asked and answered the following:

> **Have you discussed your right to appeal with your attorney, and do you understand the plea**

> **agreement in this case provides that you may not appeal your conviction or sentence or contest the same in a post-conviction proceeding unless it is on the grounds of prosecutorial misconduct or ineffective assistance of counsel?**
>
> **YES: __X__ NO: ____**
>
> **Do you knowingly and willingly accept this limitation on your right to appeal and to file post-conviction proceedings?**
>
> **YES: __X__ NO: ____**

***Id.* at 6 (quoting Rule 11 Inquiry and Order of Acceptance, *supra*, at 8) (emphasis in original).**

> Petitioner now claims he sought to appeal the issue of whether his guilty plea was knowing and voluntary, the quantity and type of drug involved, the Guideline enhancements, the use of hearsay and his criminal history. Based on the Petitioner's plea agreement, his signature on the Rule 11 Inquiry, the advice he received from the Court at the Rule 11 hearing, and his representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of his right to attack his conviction or sentence by a collateral proceeding such as a § 2255 motion. *See, United States v. Killian*, 60 Fed. Appx. 441(4th Cir.), *cert. denied*, 124 S. Ct. 322 (2003); *United States v. General*, 278 F.3d 389 (4th Cir.), *cert. denied*, 536 U.S. 950 (2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Thus, the undersigned is entitled to rely on the Petitioner's statements on multiple occasions both in and out of court that his plea was knowing and voluntary. *See*, *e.g.*, *United States v. Pollard*, 139 F.3d 895 (table), 1998 WL

166337 (4th Cir. 1998) ("The district court was entitled to rely upon these admissions in imposing sentence."). Moreover, the Petitioner admitted the type of drug involved and specifically agreed that the undersigned would make the determination as to quantity. *Id.* As to the Guideline enhancements, the undersigned agreed with the Petitioner's objections to the enhancement for an aggravating role and denied same. Moreover, the Petitioner specifically waived any right to appeal sentencing factors. *Id.*

. . .

Because [the Petitioner] waived the right to appeal each of the grounds which he now claims should have been appealed, the undersigned cannot find, assuming *arguendo* that counsel was directed to file an appeal, that Petitioner received ineffective assistance of counsel. *Pollard, supra*, at **2 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("attorney cannot be deficient for failing to raise claims when defendant knowingly and voluntarily waived all appellate and post-conviction relief")); *United States v. Evans*, 101 F.3d 695 (table), 1996 WL 662538 (4th Cir. 1996); *Rivera v. United States*, 131 F.3d 131 (table), 1997 WL 786368, **1 (2d Cir. 1997) [ ]; *Collier v. United States*, 9 Fed. Appx. 74, 76 (2d Cir. 2001) ("Given that [defendant] had made an effective wavier of his right to appeal, . . . we think it self-evident that his attorney did not act unreasonably in failing to appeal."); *Brooks v. United States*, 166 Fed.Supp.2d 366 (D. Md. 2001), *appeal dismissed,* 25 Fed. Appx. 183 (4th Cir. 2002) (because the defendant waived his right to appeal he cannot show his attorney was ineffective).

***Id.* at 5-8 (internal quotation omitted).**

The Fourth Circuit issued a certificate of appealability to the Petitioner as to the claim that "he received ineffective assistance of counsel because his attorney failed to appeal his criminal conviction as

requested[.]" **Fourth Circuit Order, filed July 7, 2006.** Thus, this issue was poised for resolution. However, on February 7, 2007, the Fourth Circuit vacated the Memorandum and Order and remanded the matter for further proceedings. In doing so, the Circuit noted that

> [i]n its informal brief to this court, the Government concedes 'that the record before the district court raised a genuine issue of material fact as to whether trial counsel's performance was *per se* ineffective under *Peak*. Accordingly, the district court's summary dismissal of this claim without resolving the dispute was in error.' We agree.

***Robertson, supra.***

A review of the Government's brief, presented to the Circuit by a different Assistant United States Attorney than the one who presented argument before this Court, discloses the following concession:

> Although the Government agrees with the district court's analysis that Defendant has waived his right to assert on direct appeal the issues he seeks to assert, the Government concedes that the record before the district court raised a genuine issue of material fact as to whether trial counsel's performance was *per se* ineffective under *Peak*. Accordingly, the district court's summary dismissal of this claim without resolving the dispute was in error. The Government also notes that at the district court level, the Government argued for the denial of Defendant's motion on the strength of a Fifth Circuit decision[.] . . . As this case was decided before *Peak* and *Peak* involved an allegation of ineffective assistance following a guilty plea, the Government concedes that, at a minimum, *Peak* requires that the district court resolve the dispute as to whether

> Mr. Messer was, in fact, requested to file a notice of appeal and failed to do so.

**Government's Informal Brief, filed August 29, 2006, at 7-8.** In making this concession, the Government overlooked the facts that *Peak* does not appear to have involved a defendant who had waived his appellate rights and that his attorney could not be located. The Government also overlooked that this Court was addressing a different issue than whether or not Mr. Messer had been instructed to file a notice of appeal.

It is unapparent why the Government would completely reverse course on appeal and concede error on the basis of *Peak*, the same case which it distinguished before the undersigned. Due to the Government's concession, the Circuit did not reach the issue but perfunctorily vacated and remanded.

Waivers of appeal are valid if entered into knowingly and voluntarily. ***United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000).** Whether a defendant has waived that right is a question of law, a question which the undersigned resolved in finding that the Petitioner had in fact made a knowing and voluntary waiver. ***United States v. Blick*, 408 F.3d 162 (4th Cir. 2005).** When a defendant pleads guilty and makes a knowing and voluntary waiver of his right to direct appeal on any ground other than

ineffective assistance and when that defendant subsequently alleges that he instructed his attorney to file a direct appeal on grounds *other than* ineffective assistance, the issue is whether an attorney is ineffective for failing to do that which has been waived and which is proscribed by the terms of the plea agreement. This is the issue which this Court had framed for the Fourth Circuit to resolve.

> Th[e] [Fourth Circuit] has said "that a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." We find *Peak* dispositive *because Pollard did not waive all of his appellate rights*. *Cf. United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (attorney cannot be deficient for failing to raise claims when defendant knowingly and voluntarily waived all appellate and post-conviction relief).

***Pollard, supra*, at *2 (quoting *Peak*, 992 F.2d at 42); *accord, United States v. Alston*, 91 F.3d 134 (table), 1996 WL 379695, at *1 (4th Cir. 1996) ("We find *Peak* dispositive because Alston *did not waive all of his appellate rights*."); *Evans,* 1996 WL 662538, at *1 ("Evans' [appeal] waiver was valid and enforceable. His claim that his attorney was ineffective for failing to note an appeal is without merit because Evans expressly waived his right to appeal anything other than an upward departure and, in this case, there was no upward**

departure."); *Collier, supra* ("Given that Collier had made an effective waiver of his right to appeal, . . . we think it self-evident that his attorney did not act unreasonably in failing to appeal."); *Brooks, supra*; *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) ("[A] criminal defendant enjoys the right to effective assistance of counsel on direct appeal, *when such direct appeal is provided as a matter of right*."); *United States v. Shedrick*, ___ F.3d ___, 2007 WL 601993, at *5 (3d Cir. 2007) ("Enforcing a collateral attack waiver where constitutionally deficient lawyering prevented him from a direct appeal *permitted by the waiver* would result in a miscarriage of justice."); *United States v. Magueflor*, 2007 WL 491153 (9th Cir. 2007) ("Ineffective assistance *after* he signed the agreement, of course, cannot invalidate the waiver provision."); *United States v. Davis*, 2007 WL 588326, at *2 (10th Cir. 2007) ("In his remaining claim, Mr. Davis argues that his attorney failed to provide him with effective assistance of counsel by failing to file a notice of appeal on two sentencing issues. . . . Mr. Davis fully understood the consequences of the plea agreement [which contained an appeal waiver] and entered into it knowingly and voluntarily."); *United States v. Lopez-*

***Guzman*, 189 F. App'x 732 (10th Cir.), *cert. denied*, 127 S. Ct. 331 (2006) (enforcing plea agreement waiver); *United States v. Evans*, 178 F. App'x 806, 809-10 (10th Cir. 2006) ("[Petitioner's] attorney was not ineffective for failing to raise meritless issues, notwithstanding the fact that Evans waived his right to file a direct appeal. Before entering a guilty plea, Evans represented that he had discussed the charges with his attorney, that he understood his rights, and that he was satisfied with his attorney's performance."); *United States v. Tajeddini*, 945 F.2d 458, 466-67 (1st Cir. 1991) (attorney's failure to prosecute an appeal *without the defendant's waiver* constitutes ineffective assistance); *United States v. Hill*, 859 F.2d 151 (table), 1988 WL 97402 (4th Cir. 1988).**

The mandate of the Fourth Circuit requires the undersigned to take further proceedings. The undersigned will therefore vacate the Petitioner's sentence, reimpose the same sentence and file notice of appeal on the Petitioner's behalf. ***United States v. Howze*, 178 F. App'x 328 (4th Cir. 2006).**

**IT IS, THEREFORE, ORDERED** that the Petitioner's claim of ineffective assistance of counsel is moot, his conviction is **AFFIRMED,** his

sentence is hereby **VACATED,** but he shall remain in the custody of the Attorney General of the United States. The Clerk of Court shall prepare an amended judgment which contains the same terms and provisions as that of the original judgment.

**IT IS FURTHER ORDERED** that, with entry of the Amended Judgment in a Criminal Case, notice of appeal is deemed to be filed on behalf of the Petitioner and the appointment of appellate counsel is respectfully referred to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Memorandum and Order to the personal attention of Gretchen Shappert, United States Attorney for the Western District of North Carolina, and shall transmit this Memorandum and Order electronically to the United States Attorney's Office in Asheville, the United States Marshal, the United States Probation Office, the Warden of the correctional facility where the Petitioner is currently incarcerated, defense counsel, and a copy shall be furnished to the Petitioner *via* United States Mail.

Signed: May 3, 2007

Lacy H. Thornburg
United States District Judge